DOMINGO MARRERO Y PEREZ, By Guardian ad Litem, Antonia Navarro, et al.

*v.*

NEW YORK & PORTO RICO STEAMSHIP COMPANY.

---

Ponce Law, No. 279.

ON DEMURRER.

Admiralty—Common Law.

   1. The fact that a claim may exist in admiralty does not take away the common-law remedy.

Marrero y Perez v. New York & P. R. Steamship Co.

General Demurrer.
> 2. Under the Federal practice a demurrer must specify the ground
> of objection, and a general demurrer need not be regarded.

Departure—Revival.
> 3. A suit brought on behalf of an injured man in his lifetime can-
> not be changed into one on behalf of his representatives under an
> employers' liability act; but a suit brought on behalf of an injured
> man will survive to his representatives.

Opinion filed February 27, 1914.

———

*Mr. C. H. Boerman* for plaintiff.

*Messrs. Hartzell & Rodriguez Serra* for defendant.

HAMILTON, Judge, delivered the following opinion:

In order to understand the demurrers it is necessary to con-
sider the state of the pleadings in this cause.

On September 12, 1913, Domingo Merrero filed a complaint
at common law against the New York & Porto Rico Steamship
Company, alleging that, as bookkeeper and agent for the con-
signee of certain goods arriving on the steamship Berwind, he
went aboard this vessel at Ponce, with the consent of the com-
pany owning the vessel, and worked checking the goods until
nighttime. When the time came to leave, he fell down a stair-
case, and then into a coal hole left open by the negligence of the
defendant. The fall produced serious results. He became in-
sane, and the suit is therefore brought by his next friend. There
was filed within a few days a demurrer to the complaint, and
on October 7 the complaint was amended, expanding and

strengthening the original allegations. Ten days later the complaint was answered. On December 17 of the same year Antonia Navarro files a petition that the plaintiff has died, leaving her as widow and also two children, and praying that they be substituted as parties complainant. The next day the petition was granted by the court. Thereupon came a motion for leave to file a supplemental complaint, and this was granted on January 3, 1914. On January 12 there were filed a motion to strike said supplemental complaint, and also a demurrer to said supplemental complaint. Two days later there was filed what is called an amended supplemental complaint. The last pleading in the case is a demurrer to this amended supplemental complaint, seeking its dismissal on the allegation that no cause of action was shown, and that there has been a departure in the parties.

1. One ground argued is that the alleged cause of action is one in admiralty, and cannot be prosecuted at common law. This cannot be sustained. The right to a common-law remedy was the ground of the famous contention by Lord Coke against the admiralty courts of his time, and in this he was successful. 4 Co. Inst. 138, 141; Ramsay v. Allegre, 12 Wheat. 622, 6 L. ed. 749. Moreover, the right is expressly reserved by the 7th Amendment to the Constitution. As to this, there may be cited also the following cases: New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. 344, 12 L. ed. 465; The Wave, Blatchf. & H. 235, Fed. Cas. No. 17,297; Waring v. Clarke, 5 How. 441, 12 L. ed. 226.

2. The demurrer as to the cause of action is in such general terms that, under our practice, it need not be considered. The Porto Rican statute requires that a demurrer shall specify the

ground of objection. Code Civ. Proc. § 106. And the Federal practice is the same. Parties must set out what they want. The court will be unable to search for defects which the parties do not themselves point out. Rev. Stat. § 954, U. S. Comp. Stat. 1901, p. 696.

In this case, however, the argument on both sides has developed the defect in question, and to save time it will therefore be considered.

The defendant contends that the original plaintiff went upon the ship at his own risk. The abstract question at law, as to the rights of the agent of the consignee under such circumstances, need not be considered, because the complaint expressly alleges an invitation to the plaintiff to come on board, and negligence on the part of the defendant in leaving the stairway unlighted. These being alleged as facts, it is unnecessary to determine what would be the law without these allegations.

3. The remaining ground alleged in the demurrer is that there has been a departure in the pleadings in that the original suit was brought by the injured man through his next friend, and that the recent pleadings are filed by his heirs. It is argued that a suit by the individual is one thing, and a suit by his next of kin is a different thing; that one suit cannot be turned into the other.

This is true. The allegations by an injured man as to personal injuries relate to his suffering, loss of earning power, and the like, while in a suit by heirs, under § 1803 of the Civil Code of Porto Rico, the damages are rather those due to loss of the support of the husband or father, as the case may be. As has been said of the analogous Federal employers' liability act, the right given to the next of kin is a new one created by the act

itself, and of course it does not exist before the death of the person in question.

On the other hand, the original suit was one which survived to heirs or other representatives.

The question is, Was the order permitting the filing of this supplemental pleading a revivor of the existing suit, or did it relate to the independent cause of action existing in the heirs?

The order of the court contemplated the revivor of the action brought by Merero, and this enured to his next of kin or other representative. It is not to be construed as authorizing any other form of amendment than what was necessary to bring them in. Any allegation that they are without means of support is foreign to the purposes of the order, and demurrable as tending to inject outside elements into the case. The demurrer, therefore, should be sustained so far as relates to the addition as to the plaintiff's being without means of support. To that extent the demurrer is sustained, and overruled otherwise. It is so ordered.